Lu v. Holder

BIA
Christensen, IJ
A200 924 659

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of November, two thousand fourteen.

PRESENT:
>        DENNIS JACOBS,
>        DEBRA ANN LIVINGSTON,
>        SUSAN L. CARNEY,
>             *Circuit Judges.*

_____

XIN LU,
>        *Petitioner,*

v.                                          13-1937

                                            NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
>        *Respondent.*

_____

FOR PETITIONER:        Xin Miao, Flushing, NY.

FOR RESPONDENT:        Stuart F. Delery, Assistant Attorney General; Ernesto H. Molina, Jr., Assistant Director; Bernard Joseph, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Xin Lu, a native and citizen of China, seeks review of an April 19, 2013 order of the BIA, affirming the August 16, 2011 decision of an Immigration Judge ("IJ"), which denied asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Xin Lu*, No. A200 924 659 (B.I.A. April 19, 2013), *aff'g* No. A200 924 659 (Immig. Ct. N.Y. City Aug. 16, 2011). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

For applications such as Lu's, which are governed by the REAL ID Act of 2005, Pub. L. No. 109-13, 119 Stat. 231, the agency may base a credibility finding on an applicant's demeanor, the plausibility of his account, and

2

inconsistencies in his statements, without regard to whether they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer therefore to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008) (per curiam).

Here, the IJ's adverse credibility determination is supported by substantial evidence. The IJ reasonably based his credibility finding on Lu's non-responsive answers to questions concerning Lu's relationship with his aunt and the difference between government and underground churches. *See* 8 U.S.C. §§ 1158(b)(1)(B)(iii), 1231(b)(3)(C); *Xiu Xia Lin,* 534 F.3d at 167. While Lu takes issue with the IJ's characterization of his testimony as non-responsive, the IJ's findings are clearly supported by the hearing transcript. Moreover, the IJ was not required to credit Lu's explanation that he was either confused or misunderstood the relevant questions. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005) (providing that the agency need not credit an applicant's explanations for

inconsistent testimony unless those explanations would compel a reasonable fact-finder to do so).

The IJ also reasonably relied on inconsistencies between Lu's testimony and the documentary evidence. *See* 8 U.S.C. §§ 1158(b)(1)(B)(iii), 1231(b)(3)(C); *Xiu Xia Lin,* 534 F.3d at 167. Lu's testimony that a fellow underground church attendee opened the door for police officers during a May 2009 underground church service was contrary to a statement in his asylum application that police officers broke down the door before arresting those in attendance. Lu also testified that he first learned that his aunt was Christian when he saw a Bible in her home in 2004, several months after Lu's uncle had returned home from the hospital. However, Lu stated in his asylum application that his uncle returned home from the hospital in 2003. The IJ was not required to credit Lin's explanations for these inconsistencies. *See Majidi*, 430 F.3d at 80-81.

Lu argues that the IJ should have permitted his witness to correct testimony that was inconsistent with Lu's own testimony. However, the BIA reasonably exercised its "broad discretion" to deny remand on the basis of the witness's affidavit because the affidavit related to only one of the

4

credibility finding and therefore would not have altered the outcome of the case. *See Li Yong Cao v. U.S. Dep't of Justice*, 421 F.3d 149, 156 (2d Cir. 2005). Given Lu's inconsistent and non-responsive testimony, the totality of the circumstances support the agency's adverse credibility determination. *See Xiu Xia Lin*, 534 F.3d at 167.

Finally, contrary to Lu's argument on appeal, the agency did not err in denying Lu's claim for CAT relief without conducting an independent analysis. Because the only evidence that Lu was likely to be tortured depended on his credibility, the IJ's adverse credibility determination necessarily precludes success on a claim for CAT relief. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir. 2005); *cf. Ramsameachire v. Ashcroft*, 357 F.3d 169, 184-85 (2d Cir. 2004) (holding that the agency may not deny a CAT claim solely on the basis of an adverse credibility finding made in the asylum context, where the CAT claim did not turn on credibility).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for

5

oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe, Clerk